FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TABITHA ANN H.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:18-CV-00397-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. Plaintiff brings this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's final decision, which denied her application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401-434, and her application for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §1381-1383F. *See* Administrative Record (AR) at 537-541, 545-564. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. Jurisdiction and Procedural History

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on June 23, 2011. AR 84-85, 204-217. In both applications, she alleged disability beginning on November 25, 2009.[1] AR 204, 211. Plaintiff's application was initially denied on July 29, 2011, AR 126-129, and on reconsideration on October 31, 2011. AR 132-135.

A hearing with Administrative Law Judge ("ALJ") R.J. Payne occurred on March 13, 2013. AR 41-53. At the hearing, the psychological expert opined that there was not enough information to determine psychological impairments and requested a consultative psychological evaluation. AR 51-53. Following the evaluation, the ALJ held a supplemental hearing on August 20, 2013. AR 54-83. On September 16, 2013, the ALJ issued a decision concluding that Plaintiff was not disabled as defined in the Act and was therefore ineligible for disability benefits or supplemental security income. AR 18-36. The Appeals Council denied Plaintiff's request for review on March 21, 2015, AR 1-6, and Plaintiff filed a complaint in this district challenging the denial of benefits. AR 654-655; *see*

---

[1] However, for claims under Title XVI, the month after the application's filing date is the earliest that SSI benefits are payable. *See* 20 C.F.R. § 416.335.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

*Tabitha Ann H. v. Carolyn W. Colvin*, 2:15-cv-00132-RHW, ECF No. 3 (E.D. Wash. 2015).

Plaintiff moved for summary judgment, arguing the ALJ erred by: (1) improperly discrediting her subjective symptom complaints; (2) failing to properly consider and weigh the medical opinion evidence, specifically the opinions of treating physician Duncan Lahtinen, D.O., examining psychologist John Arnold, Ph.D., and examining psychologist John Severinghaus, Ph.D.; (3) failing to obtain the testimony of a vocational expert to make the step five determination; and (4) not giving controlling weight to Dr. Lahtinen's medical opinion. *See Tabitha Ann H.*, 2:15-cv-00132-RHW, ECF No. 12, at 10-17.

In July 2016, the Court issued a decision rejecting most of Plaintiff's contentions but agreeing with one. AR 664-673. The Court concluded that the ALJ erred in assigning little weight to Dr. Severinghaus's opinion. AR 672-73. Accordingly, the Court remanded this case to the Commissioner with instructions to credit the opinion of Dr. Severinghaus. AR 674. Upon crediting Dr. Severinghaus's opinion, the Court instructed the ALJ to recalculate the residual functional capacity and then evaluate Plaintiff's ability to perform past relevant work as well as work available in the national economy. AR 674.

Following the Court's remand, the ALJ held another hearing on March 2, 2017. AR 571-619. On June 16, 2018, the ALJ issued another decision in which he

again concluded that Plaintiff was not disabled as defined in the Act and was therefore ineligible for benefits. AR 545-564. On July 10, 2017, Plaintiff submitted written exceptions to the ALJ's decision. AR 751-755. On November 3, 2018, the Appeals Council determined that Plaintiff's exceptions were meritless and declined to assume jurisdiction. AR 537-541. On December 31, 2018, Plaintiff timely filed the present action challenging the denial of benefits. ECF No. 1. Accordingly, Plaintiff's claims are properly before the Court pursuant to 42 U.S.C. § 405(g).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Even if the evidence in the record is susceptible to more than one rational interpretation, if inferences reasonably drawn from the record support the ALJ's decision, then the

court must uphold that decision. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 41 years old on the alleged date of onset, which the regulations define as a younger person. AR 86; *see* 20 C.F.R. § 404.1563(c). She attended school through the ninth grade, obtained her GED, and can communicate in English. AR 64, 230-31. Plaintiff has past work as a motel housekeeper and janitor. AR 35, 245-49, 783.

## VI. Issues for Review[2]

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. ECF No. 12 at 18. Specifically, she argues the ALJ: (1) failed to credit Dr. Severinghaus's opinion as required by the Court's prior remand order, and (2) improperly evaluated and weighed the medical opinion evidence. *Id.*

///

///

///

---

[2] The Court would ordinarily outline the Commissioner's five-step sequential evaluation process as well as the ALJ's findings with respect to each step. However, because Plaintiff raises issues that are not substantively related to the sequential evaluation process, this recitation is unnecessary in this case.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

## VII. Discussion

### A. The ALJ Credited Dr. Severinghaus's Opinion as Required by this Court's Remand Order

Plaintiff argues that the ALJ did not credit Dr. Severinghaus's opinion. ECF No. 12 at 15. Specifically, Plaintiff contends that the psychological medical expert who testified at the most recent hearing, Nancy Winfrey, Ph.D., was not aware that: (1) Dr. Severinghaus diagnosed Plaintiff with posttraumatic stress disorder, and (2) treating physician Dr. Lahtinen documented Plaintiff's depression and also agreed with Dr. Arnold's findings. *Id.* at 15-16.

However, the ALJ credited Dr. Severinghaus's opinion. *See* AR 562 ("Per the remand order, "credit" is being given to the opinions and findings of Dr. Severinghaus."). Plaintiff does not identify any portion of the ALJ's updated residual functional capacity finding that conflicts with Dr. Severinghaus's opinion. *See* ECF No. 12 at 15-16

In order to fully incorporate Dr. Severinghaus's report into the residual functional capacity pursuant to the remand order, the ALJ asked Dr. Winfrey to explain portions of his report. *See* AR 584-587. Dr. Winfrey testified that Dr. Severinghaus's testing was "very good" but that his test results simply did not reveal significant impairments. AR 584 ("There isn't much wrong here"). Accordingly, Dr. Winfrey opined that, assuming the truth of Dr. Severinghaus's

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

findings and opinions, Plaintiff did not have any work restrictions stemming from her mental impairment. AR 586.

Plaintiff first argues that Dr. Winfrey was not aware that Dr. Severinghaus diagnosed Plaintiff with posttraumatic stress disorder. ECF No. 12 at 15. However, Dr. Severinghaus only *suspected* PTSD. *See* AR 505. Dr. Winfrey acknowledged these suspicions but explained, "Yeah, that's not a diagnosis." AR 590.

Plaintiff also argues that Dr. Winfrey was not aware that treating physician Dr. Lahtinen documented Plaintiff's depression and also agreed with Dr. Arnold's findings. ECF No. 12 at 15-16. However, it is unclear how Dr. Winfrey's awareness of or understanding of *Dr. Lahtinen's* opinions is relevant. Plaintiff fails to explain how this has any bearing on the way the ALJ interpreted or credited Dr. Severinghaus's opinion. Accordingly, Plaintiff's contention that the ALJ failed to credit Dr. Severinghaus's opinion is without merit.

B.  **The ALJ did not Err in Weighing the Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in evaluating and weighing the medical opinion evidence. ECF No. 12 at 16-17. However, Plaintiff does not provide any analysis or explanation as to why she believes the ALJ improperly considered or rejected any provider's opinion. *Id.* Rather, Plaintiff articulates the standard for rejecting the contradicted testimony of a treating or examining doctor (the "specific

and legitimate" standard) and then simply states, "here, that was not done."[3] ECF No. 12 at 16.

The record, however, belies Plaintiff's bald assertion. The ALJ, over eleven single-spaced pages, summarized Plaintiff's voluminous treatment records and the findings and opinions of her many medical providers. *See* AR 552-562. The ALJ explained in detail which medical opinions he found persuasive, which ones he did not, and why he found each one either persuasive or unpersuasive. *See* AR 561-62. For example, the ALJ assigned great weight to the opinions of providers who had access to the longitudinal treatment record, who were specialists, who had extensive Social Security program knowledge, or who were subject to cross-examination. *See* AR 561. The ALJ gave less weight to the opinions of medical providers whose evaluations were connected to Plaintiff's application for state welfare assistance, who gave opinions that conflicted with their own examination findings, who relied on invalid or embellished assessments, who failed to sufficiently explain their opinions, or who did not review Plaintiff's historical treatment records. *See* AR 561-62. Thus, contrary to Plaintiff's conclusory assertion, the ALJ set out a detailed and thorough summary of the facts and

---

[3] Plaintiff briefly mentions, without analysis or discussion, that the ALJ erred in discounting the opinions of Drs. Lahtinen and Arnold. ECF No. 12 at 15. However, the Court specifically considered and rejected these arguments in its prior remand order. *See* AR 670-672.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

conflicting evidence, stated his interpretation thereof, and made findings. The ALJ therefore satisfied the "specific and legitimate" standard.

## VIII. Order

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.
2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.
3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file**.

**DATED** this 30th day of December, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**